IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD ROBERT JOSEPH, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:12-CV-1498-D-BK |
| | § | |
| RICK THALER, Director, TDCJ-CID | § | |
| Respondent. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner, through retained counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, it is recommended that the petition be denied.

I. BACKGROUND

Petitioner pled guilty (pursuant to a plea agreement) to indecency with a child, and was sentenced to 20 years' imprisonment. *State v. Joseph*, No. F08-58062-J (Criminal District Court No. 3, Dallas County, Sep. 29, 2009). After the denial of his motion for new trial (in which he contended defense counsel misadvised him on the proper sentencing range), Petitioner unsuccessfully appealed. *Joseph v. State*, No. 05-09-01555-CR, 2010 WL 3222440 (Tex. App. – Dallas 2010, no pet) (dismissing appeal for want of jurisdiction). The Texas Court of Criminal Appeals then denied his state habeas application. *See Ex parte Joseph*, No. WR-76,685-01 at Action Taken Sheet (Tex. Crim. App. Nov. 23, 2011) (denying without written order on trial court's findings).[1]

---

[1] "SHCR-01" refers to the State Habeas Clerk's Record in case number WR-76,685-01 (Even ID 2464561). "RR" followed by the volume number refers to the Reporter's Record. "CR" refers to the Clerk's Record.

In this timely federal petition, Petitioner claims ineffective assistance of counsel. (Doc. 1, 2). Respondent argues the petition lacks merit and Petitioner has filed a reply. (Doc. 9, 13).

## II. ANALYSIS

Habeas corpus relief is precluded unless the state court's adjudication on the merits --

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Petitioner bears the burden of establishing that he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). That burden is "difficult to meet," however, as the decisions of the state court are reviewed under a "highly deferential standard" and afforded "the benefit of the doubt." *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 786, 788 (2011); *Woodford*, 537 U.S. at 24 (citation and internal quotation marks omitted).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), the Court reviews Petitioner's ineffective-assistance-of-counsel claims under a "doubly deferential" standard, taking "a 'highly deferential' look at counsel's performance," under *Strickland v. Washington*, 466 U.S. 668, 689 (1984), "through the 'deferential lens of § 2254(d).'" *Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388, 1403 (2011) (quoted cases omitted). To establish ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. In determining whether counsel's performance is constitutionally deficient courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689; *see also Premo v. Moore*, ___ U.S. ___, 131 S. Ct. 733, 741 (2011) (strict adherence to

2

*Strickland* standard is very important in guilty-plea cases).  To establish prejudice in the context of a guilty plea, Petitioner must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  That means Petitioner bears the burden of demonstrating that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

Here, Petitioner alleges defense counsel was ineffective for "misadvising him as to the applicable punishment range and the applicable enhancement," and that but for this erroneous advice, he would not have pled guilty.  (Doc. 1 at 6-7).  Specifically, he asserts that because the prosecutor never filed enhancement allegations (but only a notice of intent to enhance), he was subject to only a maximum 20-year sentence, and that defense counsel and the prosecutor both "labor[ed] under the misapprehension that he could be sentenced to something more than twenty years" when they erroneously agreed to a 25-year plea bargain.  (Doc. 13 at 2).  Petitioner further states the trial court eventually caught the error – namely that the maximum sentence was 20 years' imprisonment – and gave him an opportunity to plead to 20 years' imprisonment.  *Id.*

Relying on defense counsel's affidavit, the state habeas judge (who was also the trial judge) rejected Petitioner's contentions, finding, *inter alia*:

5. [T]hat the statements made by [defense counsel] are true, correct, and dispositive of the allegations presented by Applicant…

   a. That [Applicant] was charged with the offense of Indecency with a Child having been previously convicted of the same offense.

   b. That the State urged that the charged offense would be enhanced with a prior conviction that would subject Applicant to automatic life sentence if convicted.

   c. That on the date of the plea the state offered and the Applicant agreed to accept a plea bargain of 25 years in the Texas Department of Corrections.

    d. That the court determined that without the enhancement paragraph the maximum range of punishment was 20 years confinement and the agreement was modified to 20 years confinement in the Texas Department of Corrections Institutional Division.

    e. That the error was corrected and [Applicant] was not harmed but benefitted from the proceedings.

6. Counsel's explanation of the events to be accurate and true after a review of the record plea proceedings.

7. That the State agreed in exchange for a plea of guilty to the offense not to proceed to enhance with prior sexual assault conviction which would have resulted in an automatic life sentence had Applicant been convicted.

8. That initial offer conveyed by the State of 40 years in prison was an inaccurate offer because if the State enhanced the offense with a prior sexual offense conviction, life in prison was the only available option.

9. That the erroneous offer was rejected by the Applicant who subsequently accepted an offer of 25 years confinement in the Texas Department of Corrections.

10. That during the plea, the court advised all parties that the maximum punishment for the unenhanced offense of Indecency with a Child was 20 years and the sentence was appropriately corrected with agreement of the parties to reflect such punishment.

11. That the Applicant was advised of revision and voluntarily agreed to accept the reduced sentence of 20 years.

12. That Applicant's counsel's performance was not deficient because counsel was able to reduce liability from a life sentence to 20 years confinement by obtaining agreement that State not proceed with enhancement allegation.

13. That Applicant's counsel with the acknowledgement of the state cured all erroneous range of punishment information prior to the conclusion of Applicant's plea.

14. That the Applicant due to medical issues was allowed by the court to return on September 29, 2009 for sentencing where upon the Applicant made no objection to proceedings or final sentence agreed during his initial plea.

SHCR-01 at 38-39.

Petitioner cannot establish that counsel's performance was deficient. Although the indictment did not contain an enhancement paragraph, the State had given notice of its intent to seek a sentencing enhancement by establishing Petitioner's five prior convictions, thereby exposing him to an automatic life sentence under Texas Penal Code section 12.42(c)(2). CR at 2, 20. Thus, because there was the potential for an enhanced sentence of life imprisonment, defense counsel was not mistaken about the maximum penalty Petitioner faced. As Respondent notes, if Petitioner had withdrawn his guilty plea, the State could have easily sought re-indictment to include the enhancement paragraphs and exposing him to an automatic life sentence. *See, e.g., Thibodeaux v. State*, 726 S.W.2d 601, 602-03 (Tex. App. – Houston [14th Dist.] 1987, pet re'f) (noting that the State may re-indict the defendant to add enhancement paragraphs). The record, then, supports the conclusion that defense counsel, mindful of the State's intent to seek enhancement of the potential punishment to an automatic life sentence, obtained a favorable plea bargain of 25 years' imprisonment. Ultimately, during the plea hearing, counsel clarified that, because the prosecutor decided to forego enhancement and Petitioner agreed to plead guilty, the 20-year maximum sentence applied and the plea bargain agreement was for 20 years' imprisonment. RR Vol. 1 at 6-8. Thus, Petitioner benefitted even more from the bargain his counsel struck with the prosecution.

Even assuming deficient performance in connection with the plea bargain, Petitioner cannot establish prejudice. He does not allege, much less establish, that "there is a reasonable probability that, but for counsel's errors [in misadvising him about the punishment range and applicable enhancement], he would not have pleaded guilty and would have insisted on going to trial." *See Hill*, 474 U.S. at 59. In addition, contrary to his allegations, Petitioner had more than adequate time to think about the 20-year maximum sentence. In fact, after the trial court advised

5

him of the 20-year maximum, Petitioner did not voice any objection and voluntarily pleaded guilty.  RR Vol. 1 at 6-8.  Moreover, at sentencing, almost two months later, Petitioner challenged neither his guilty plea nor the imposition of the 20-year maximum sentence.  RR Vol. 3 at 4-5, 8.

Petitioner cannot overcome the strong presumption that he received effective assistance of counsel during the guilty plea proceedings.  The state court's denial of relief on this ground was a reasonable application of federal law.  Accordingly, this claim fails.

### III. RECOMMENDATION

It is recommended that the petition for writ of habeas corpus be **DENIED**.

SIGNED May 8, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SIGNED May 8, 2013.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE